PEOPLE *ex rel.* KING *et al.* v. BARNES.

(*Supreme Court, General Term, Second Department.* December 10, 1889.)

CONTEMPT—WHAT CONSTITUTES.

An order was entered restraining certain officers and members, including appellant, from disposing of the property of their corporation, and was served on the president in the presence of appellant, who had notice of the order and its contents. Afterwards, appellant delivered a deed of conveyance of the property described in the order. *Held*, that appellant was guilty of contempt, and was properly fined $250 and committed to jail for six months.

Appeal from special term, Richmond county.

There was an action by Thomas M. King and others against Reon Barnes and others, and the New York Transit & Terminal Company, to require the transfer to plaintiffs of certain shares of stock in defendant corporation, and other relief. On April 10, 1888, the court of appeals, affirming the various judgments of the general term, held that plaintiffs were entitled to the relief

prayed for. 16 N. E. Rep. 332. On October 9, 1888, an order was entered whereby it was ordered that defendants in said action, including said Reon Barnes, be restrained and enjoined from making any disposition of the prop- erty of the New York Transit & Terminal Company, and from incumbering the same in any manner, or entering into any contract or agreement for the sale of property in the name and for the account of said corporation. A copy of the order was served on the president of the corporation, said Barnes being present at the time, and having notice of the order and its contents. After- wards, on the same day, Barnes delivered a deed of conveyance of the proper- ty mentioned in the order. An order was entered adjudging Barnes guilty of contempt of court, and imposing on him a fine of $250, and committing him to jail for six months. From this order, defendant Barnes appeals. For former reports, see 2 N. Y. Supp. 121; 4 N. Y. Supp. 247.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Hornblower & Byrne,* for appellant. *Tracy, MacFarland, Boardman & Platt,* for relators.

DYKMAN, J. This is an appeal from an order dated July 20, 1889, which adjudges the appellant Reon Barnes to be in contempt for a violation of a pre- vious order of the court. The notice of appeal also specified several other or- ders which he desired to review; but they are all connected with the same proceeding, and require no separate examination. The guilt of the appellant Barnes is fully established in the record before us, and he has well merited the punishment imposed upon him. The persistence of this appellant in his defense and disobedience of the mandates of the courts seems to be unprece- dented in the annals of litigation. This court and the court of appeals have both justified the imposition of a severe punishment upon him for a contempt; and now he is before us again, in an effort to escape from punishment for an act of contumacy of equal enormity with the other. If the majesty of the law is to be maintained, and the authority of the courts is to be vindicated, this man must not escape from severe punishment. The order from which the appeal is taken should be affirmed, with $10 costs and disbursements; and all the orders specified in the notice of appeal should also be confirmed and affirmed.